1  STEPTOE & JOHNSON LLP
   201 East Washington Street, Suite 1600
2  Phoenix, Arizona 85004-2382
   Telephone: (602) 257-5200
3  Facsimile:  (602) 257-5299

4  Timothy M. Strong (021345)
   tstrong@steptoe.com
5  Bennett Evan Cooper (010819)
   bcooper@steptoe.com
6
   Attorneys for Defendant National Union
7  Fire Insurance Company of Pittsburgh, Pa.

8  UNITED STATES DISTRICT COURT
   DISTRICT OF ARIZONA
9

| | |
|---|---|
| 10 Apollo Education Group, Inc., an Arizona corporation, f/k/a Apollo Group, Inc., | Case No.:  2:15-cv-01948-SPL |
| 11         Plaintiff,<br>12    vs. | **JOINT MOTION FOR DISCOVERY DISPUTE RESOLUTION** |
| 13 National Union Fire Ins. Co. of Pittsburgh, Pa., a Pennsylvania corporation, | (Assigned to Honorable Steven P. Logan) |
| 14         Defendant. | |

15      The parties submit this joint motion, in which National Union ("NU") asks the
16 Court to compel production of attorney-client communications between Apollo and its
17 outside counsel Morgan Lewis & Bockius addressing the merits and settlement of the
18 underlying securities case. NU's position is that because Apollo is presenting its
19 attorney, Joseph Floren, as an opinion witness, Apollo waives the attorney-client
20 privilege. Apollo responds that Floren is a critical fact witness who, as lead defense
21 counsel, evaluated the reasonableness of the settlement and conveyed this information to
22 NU; calling him to testify to these facts does not render him an expert witness or waive
23 the attorney-client privilege. Apollo also responds that it voluntarily waived work
24 product privilege so that NU already has access to the documents and testimony
25 reflecting Floren's analysis of the underlying litigation and settlement.

26 **I.   NATIONAL UNION'S STATEMENT OF DISPUTE**

27      Floren is an attorney who represented Apollo in the underlying securities action.
28 Apollo identified Floren as a fact witness. (Ex. A.) Apollo never identified Floren as an

1  expert and disclosed no report as required by Rule 26(a)(2)(B); the deadline to disclose
2  experts passed on August 1, 2016. (Doc. 35.) Floren cannot offer "lay" opinion
3  testimony because such opinions would be based on specialized knowledge. Fed. R.
4  Evid. 701. Moreover, during Floren's deposition, NU's counsel stated NU's
5  understanding that Apollo was not offering Floren as an expert witness; Apollo did not
6  object or attempt to correct that understanding. (Ex. B, Floren Dep. 198:14-199:1.)

7  In the meet-and-confer exchanges following Apollo's production of its privilege
8  log under the Court's recent Order (Doc. 70), Apollo stated that it seeks to present
9  Floren's opinions on the underlying action's merits and the settlement's reasonableness.
10 NU asked whether Apollo intends to limit Floren's testimony to non-mediation-
11 privileged statements expressed to NU during the underlying action. Apollo said no, and
12 explained its belief that Floren's opinions and the bases for them are relevant and will be
13 offered whether or not he articulated all of them to NU in non-mediation-privileged
14 communications. In other words, Apollo intends to offer Floren as an expert. NU will
15 soon file a motion in limine asking the Court to preclude such opinion testimony, which
16 should be barred under the Court's case-management orders for failure to meet Rule
17 26(a)(2)(B)'s disclosure requirements.

18 As it stands now, Apollo intends to offer such opinions, and NU must be allowed
19 to see all documents addressing the subjects of those opinions. Using an attorney as an
20 opinion witness (including as an expert) on a topic waives the attorney-client privilege
21 as to the topic. *See*, *e.g.*, 1 Edna Selan Epstein, *The Attorney-Client Privilege and the*
22 *Work-Product Doctrine* 572 (ABA 5th ed. 2007) ("When an attorney is called as an
23 expert or, for that matter, even when a lawyer is called as a fact witness under certain
24 circumstances, any privilege that might otherwise attach to the communications between
25 the party calling that attorney … and the attorney is deemed placed into issue and
26 waived."); *Dion v. Nationwide Mut. Ins. Co.*, 185 F.R.D. 288, 295-96 (D. Mont. 1998)
27 (party waived privilege by naming attorney as expert witness). Accordingly, NU asks
28 the Court to grant its previously unresolved request for the production of all documents

1 relating to Apollo's counsel's analysis of the merits of the underlying action and
2 settlement. (Doc. 62 at 2:4-6, 12-14, 25-28; Doc. 72 at 48:5-19, 56:22-57:8 (Apollo's
3 counsel), 53:7-13, 59:18-60:7 (NU's counsel).) Attached is a list of documents from
4 Apollo's privilege/redaction logs that NU believes must be produced. (Ex. C.)

5 **II.　APOLLO'S STATEMENT OF DISPUTE**

6 As Apollo's lead defense counsel in the underlying securities litigation, and its
7 primary contact with NU throughout the litigation, Joe Floren was a participant in the
8 events at issue and thus a fact witness – and a critical one.  Indeed, NU itself listed
9 Floren as a fact witness in its initial disclosures. (Ex. D.)

10 The central issue is this case is whether NU breached its obligations to Apollo by
11 unreasonably refusing to consent to Apollo's settlement of the securities litigation.  It is
12 extremely relevant to this issue that Apollo's experienced lead defense counsel – who
13 NU has acknowledged was highly competent and defended the case well – concluded
14 that the settlement was reasonable given the risks faced by Apollo, and that NU knew
15 this. Floren will testify to those important facts. That Floren's testimony involves his
16 judgment as an experienced securities lawyer does not convert it to "expert" testimony.
17 Indeed, NU's outside counsel and claims handler similarly testified in depositions as to
18 their views of the settlement based on their experience, and NU did not designate them
19 as experts. Since NU's privilege waiver argument is based entirely on the incorrect
20 premise that Floren is an expert witness, that argument must be rejected.

21 Moreover, while a party's need for documents is not enough to override the
22 attorney-client privilege, NU has not even shown such a need.  It seeks documents
23 reflecting Floren's "analysis of the merits of the underlying action and settlement," but
24 Apollo voluntarily has waived the work product privilege and has produced such
25 documents, as well as permitted Floren's deposition testimony on these subjects.  NU
26 thus has ample information about Floren's analysis to use on cross-examination if it so
27 wishes.  Under these circumstances, NU has not even come close to justifying its request
28 for discovery of Apollo's attorney-client privileged communications.

DATED this 10th day of February, 2017.

STEPTOE & JOHNSON LLP

By: /s/ Timothy M. Strong
Timothy M. Strong
Bennett Evan Cooper
Erin E. Bradham
201 East Washington Street, Suite 1600
Phoenix, Arizona 85004-2382

*Attorneys for Defendant*

REED SMITH LLP

By: /s/ Mark S. Hersh (with permission)
Mark S. Hersh
Maria T. Pellegrini
10 South Wacker Drive, 40th Floor
Chicago, IL 60606-7507

*Attorneys for Plaintiff*

- 4 -

## **LOCAL RULE 7.2(j) CERTIFICATION**

Pursuant to Local Rule 7.2(j), the parties certify they have complied with the Rule, and counsel for Plaintiff and Defendants certify that they reasonably and in good faith conferred in an effort to resolve the matter set forth in this Motion. After personal consultation and sincere efforts to do so, counsel have been unable to satisfactorily resolve the matter.

| | |
|---|---|
| REED SMITH LLP | STEPTOE & JOHNSON LLP |
| By:/s/ Mark S. Hersh (with permission)<br>Mark S. Hersh<br>Maria T. Pellegrini<br>10 South Wacker Drive, 40th Floor<br>Chicago, IL 60606-7507 | By: /s/ Timothy M. Strong<br>Timothy M. Strong<br>Bennett Evan Cooper<br>Erin E. Bradham<br>201 East Washington Street, Suite 1600<br>Phoenix, Arizona 85004-2382 |
| Attorneys for Plaintiff | Attorneys for Defendant |

**CERTIFICATE OF SERVICE**

I hereby certify that on February 10, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing. I certify that the following participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system on the following:

Mark S. Hersh
mhersh@reedsmith.com
10 South Wacker Drive, 40th Floor
Chicago, IL 60606-7507

Mark J. DePasquale
mdepasquale@dsazlaw.com
DePasquale & Schmidt, PLC
Attorneys at Law
3300 N. Central Ave., Suite 2070
Phoenix, AZ 85012
*Attorneys for Plaintiff*

Douglas Whitney
doug.whitney@dwlollc.com
321 N. Clark Street, Suite 1301
Chicago, Illinois 60654

/s/ Jackquelynne S. Davis