WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Apollo Education Group, Inc., an Arizona corporation,<br><br>          Plaintiff,<br><br>vs.<br><br>National Union Fire Insurance Company of Pittsburgh, PA, a Pennsylvania corporation,<br><br>          Defendant. | No. CV-15-CV-01948-SPL<br><br>**ORDER** |

Before the Court is Defendant National Union Fire Insurance Company of Pittsburgh, PA's Motion for Attorneys' Fees (the "Motion"). (Doc. 113) For the following reasons, the Motion will be granted.

**I.  Background**

Apollo Education Group, Inc. ("Apollo") purchased an insurance policy from National Union Fire Insurance Company of Pittsburgh, PA ("National Union"). (Doc. 1 at 2) Apollo was the defendant in a class action lawsuit, which settled for $13.125 million in April 2014. (Doc. 1 at 5) Apollo filed a claim with National Union to fund the settlement, but National Union refused to fund any of the settlement amount. (Doc. 1 at 6) Apollo then initiated this suit against National Union for wrongful and bad faith refusal to pay the claim related to the settlement agreement and reimbursement for the $13.125 million Apollo paid out of pocket. (Doc. 1 at 2) National Union successfully

1

moved for summary judgment on all of Apollo's claims, and it now moves for an award of attorneys' fees. (Doc. 119 at 2)

## II. Standard of Review

Federal Rule of Civil Procedure 54(d)(2) provides "[a] claim for attorney's fees […] must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54. National Union is moving for an award of attorneys' fees pursuant to Fed. R. Civ. P. 54(d)(2)(B) and A.R.S. § 12-341.01. There are six factors to consider in a request for such fees under A.R.S. § 12-341.01(A). *Associated Indem. Corp. v. Warner*, 694 P.2d 1181, 1184 (Ariz. 1985). These factors are: (1) whether the unsuccessful party's claim was meritorious; (2) whether the litigation could have been avoided or settled and the successful party's efforts were completely superfluous in achieving the result; (3) whether assessing fees against the unsuccessful party would cause extreme hardship; (4) whether the successful party prevailed with respect to all relief sought; (5) whether the legal question presented was novel and whether such a claim had previously been adjudicated in this jurisdiction; and (6) whether an award in the case would discourage other parties with tenable claims from litigating legitimate contract issues for fear of incurring liability for substantial amounts of attorneys' fees. *Id.* The Court must consider each factor as no one factor is determinative. *Wilcox v. Waldman*, 744 P.2d 444, 450 (Ariz. Ct. App. 1987).

## III. Entitlement to Attorney's Fees

The Court finds that the *Warner* factors weigh in favor of awarding National Union attorneys' fees.

### A. Merit

The Court finds that Apollo's claims had merit because the claims centered on an ambiguous contractual agreement. It is first important to note that "[a]n unsuccessful claim is not necessarily one that lacks merit." *Biltmore Assocs., L.L.C. v. Twin City Fire Ins. Co.*, 2007 WL 496766 at *3 (D. Ariz. 2007). Apollo and National Union had a Consent-to-Settle provision as part of their contracts which stated that "Insurer's consent

[to settlements] shall not be unreasonably withheld." (Doc. 75-3 at 14) Arizona courts have yet to interpret what "unreasonably" means in the present context. However, according to the Restatement (Second) of Property, Apollo must prove that National Union withheld its consent "as a result of unreasonable caprice, whim, or personal prejudice." Restatement (Second) of Property § 15.2 Comment g (1977); *Tucson Med. Ctr. v. Zoslow*, 712 P.2d 459, 462 (Ariz. Ct. App. 1985). Apollo argues that the applicable standard is that an insurer is obligated to provide consent as long as the settlement is reasonable. The Court finds that because of the ambiguity of the provision in terms of the word "unreasonably" and lack of Arizona precedent on the specific issue, the case had merit despite the summary judgement ruling. This factor weighs against awarding attorneys' fees.

**B. Settlement Efforts**

The settlement efforts in this case present a neutral factor in determining awards of attorneys' fees. Both parties argue that the other side was unreasonable in their mediation efforts. Apollo acknowledges its failure to make counteroffers, but claims, and appears to offer no proof, that National Union promised to increase its settlement offers at each mediation. On the other hand, National Union argues that it should not be required to "bid against itself" and increase settlement offers if Apollo does not give a counteroffer. The records of what actually occurred at the settlement negotiations are sealed. The Court finds that this factor does not weigh in favor of either party because neither side appeared willing to work together to reach an agreed settlement.

**C. Extreme Hardship**

The Court finds that due to the size and revenue of Apollo, the requested attorneys' fees would not cause extreme hardship. "This factor asks whether assessing fees against an unsuccessful party would cause extreme hardship given the parties' relative economic positions." *Biltmore*, 2007 WL 496766 at *4. It is the burden of the party asserting financial hardship to show *prima facie* evidence of financial hardship. *Woerth v. City of Flagstaff*, 808 P.2d 297, 305 (Ariz. Ct. App. 1990). National Union

3

argues that paying the requested attorneys' fees would not cause undue hardship because Apollo is "a global company that reported $2.1 billion in net revenue for its fiscal year ending August 31, 2016." (Doc. 113 at 9) Additionally, in its Form 10-K, Apollo asserted that the $13.125 million settlement was an "immaterial" amount that was paid for without the liquidation of assets. (Doc. 113 at 9) Apollo had the burden of proving potential financial hardship if attorneys' fees were awarded, but failed to do so. Not only did Apollo fail to present an argument regarding this factor, they also did not list this factor as one that favors a finding against an award of fees. Apollo did not meet its burden of showing extreme financial hardship. Accordingly, the Court finds that this factor weighs in favor of awarding attorneys' fees to National Union.

### D. Winning Party Prevailed

Both parties agree that National Union successfully moved for summary judgement with respect to all of the relief sought by Apollo. This factor weighs in favor of a finding that National Union is entitled to an award of attorneys' fees.

### E. Novelty of the Issue

The Court finds that because the issues presented were somewhat novel, this fifth factor weighs slightly against a finding that attorneys' fees should be granted. The Arizona Appellate Court has found that even when the state has not determined the meaning of the word in question in a similar context, if other jurisdictions have done so, no novel question regarding the meaning of the word exists. *Potter v. United States Specialty Ins. Co.*, 98 P.3d 557, 560 (Ariz. App. 2004). Arizona may not have addressed the word "unreasonable" in an insurance contract, but the issue has been addressed in other jurisdictions. *See Schwartz v. Twin City Fire Ins. Co.,* 492 F. Supp. 2d 308, 319 (S.D.N.Y. 2007) (finding that a court may consider the totality of the circumstances known to the party whose conduct they were considering in deciding whether they acted reasonably or in good faith). Due to the previous interpretation of the term, this Court finds that the meaning of the term "unreasonable" in a contract dispute is not a completely novel question. However, because the Arizona courts needed to establish

what they would find to be the proper definition in this jurisdiction, the issue presented was still somewhat novel and weighs slightly in favor of denying the motion for attorneys' fees.

### F. Discourage Future Claims

The Court finds that awarding attorneys' fees in this case would not discourage future claims. Precedent already alerts parties to the risks of bringing unmeritorious claims. A.R.S. § 12-341.01(A) discusses the possibility of a court awarding attorneys' fees. That statute warns potential litigants to consider that possibility, regardless of what this case decides. In addition, Apollo is a large organization that has been involved in lawsuits in the past, and it is well aware of the risks of litigation. Accordingly, the Court finds that this factor is neutral in deciding whether to award attorneys' fees.

### G. Consolidation of Court Resources

Apollo argues that the Court should deny the Motion without prejudice until the pending appellate case has been decided. While the District Court has discretion as to whether or not to award attorneys' fees after the notice of appeal from the decision has been filed, ruling on motions for attorneys' fees "will prevent hasty consideration of post-judgement fee motions." *Masalosalo ex rel. Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 957 (9th Cir. 1983). The Ninth Circuit has also noted that if the District Court decides a fee issue "early in the course of a pending appeal on the merits, and the fee order is appealed, the appeals may be consolidated." *Id.* Here, the Court agrees with the Ninth Circuit and finds that in order to promote efficiency with both time and court resources, the present Motion shall be granted.

### IV. Reasonableness of Attorney's Fees

The Court finds that the requested fee award of $1,215,832.80 is reasonable because National Union (1) addressed Apollo's concerns in response to the Motion, and (2) reasonably deducted the costs that Apollo found to be incompliant with Local Rule 54.2.

First, in order to calculate the fee award, the Court must multiply the number of

hours reasonably expended on the litigation times a reasonable hourly rate. *Blum v. Stenson*, 465 U.S. 886, 888 (1984). Here, National Union provided documentation as to the hours worked on the case and the fee acquired.

Next, National Union addressed several block billed entries by reducing its fee request. Block billing, entering multiple and unrelated tasks together in a single fee entry, is prohibited by LRCiv 54.2(e)(1)(B). This rule requires "unrelated" tasks to be on separate time entries, and the Court may reduce excessive fees in the event that that National Union has block billed. Apollo listed seven time entries in which Apollo claims National Union block billed. Apollo does not list a total of how many time entries they believe were in direct conflict of LRCiv 54.2(e) other than that the seven entries listed were just a "small sample" of the invalid entries. National Union gave evidence to show that several of the given entries were valid due to each activity being related. Without further evidence as to how many legitimately block billed time entries are present, the Court is unable to adequately determine the severity of the issue. Thus, with the evidence presented to the Court, it would be unjust to create a fee reduction because of the block billing entries.

Further, Apollo argues several categories in which National Unions fees were excessive: (1) preparing for fee petition, (2) Floren deposition, (3) written discovery requests, (4) mediation, and (5) Expert Peter ("Thomas") Zaccaro.

1) Apollo discusses how the fees charged for preparing the fee petition are excessive, in part, because National Union requested $36,000 for more than 70 hours of preparation for attorneys' fees. Due to the complexity of the issue, the Court uses its discretion and follows the guidelines of *Angel Jet Servs., LLC v. Giant Eagle, Inc.* in finding that 77.4 hours was a reasonable amount of hours expended in this litigation. 2013 WL 11311729, at *9.

2) As for claims regarding the Floren deposition, National Union has already withdrawn fees for travel time and decreased its requested fees where it charged more than the discussed $460/hour billing rate because of a

spreadsheet error. National Union has, on its own, fixed the issues with this charge that Apollo addresses, so the Court finds the updated amount reasonable.

3) Apollo also requests that National Union's fees pertaining to written discovery requests be found unreasonable because they were "largely boiler plate responses." (Doc. 119 at 16) However, Apollo does acknowledge that the issues addressed were complicated and time sensitive. Furthermore, Apollo does not state how much time courts generally find to be unreasonable in the past for similar jobs. Apollo therefore has not provided sufficient evidence towards a finding that this charge is objectively unreasonable.

4) Apollo next explains that the 168 hours and $53,633.00 incurred in connection with the second meditation is unreasonable because it was largely redundant. However, both sides agree that this was the first mediation in which National Union's counsel, Steptoe & Johnson LLP, was hired to represent National Union. It is only logical that the new firm would require a substantial amount of time to prepare for their first mediation with Apollo. Therefore, the Court finds that the costs were reasonable.

5) Apollo finally argues that the Court should strike all of the fees related to National Union's expert Zaccaro because (i) National Union did not rely on his testimony during litigation, and (ii) Zaccaro is unqualified as an expert. The Court finds that National Union did rely on Zaccaro heavily before trial by repeatedly citing his reports and submitting those reports as exhibits. There is also a high bar to establish that an expert witness is unqualified. "Because there are many different kinds of experts and expertise, [the standards for determining if an expert is qualified] is, by necessity, a flexible one." *People v. Kowalski*, 492 Mich. 106, 119 (2012). Apollo does not allege what the legal standard is to be an expert in this field. The Court

does not find reason to rule that Zaccaro is unqualified as an expert witness.

For the foregoing reasons, the Court finds that the amount of attorneys' fees requested, $1,215,832.80, is reasonable.

## IV. Conclusion

While no one factor is determinative, most of the factors favor granting National Union's Motion. As the Court has found, three of the six *Warner* factors weigh in favor of granting the Motion: (i) the requested fees would not cause Apollo undue hardship, (ii) National Union prevailed on summary judgement with respect to all relief sought, and (iii) the issue presented was only somewhat novel. On the other hand, only one factor actually weighed against awarding attorneys' fees: the claim that Apollo brought did have merit. The other two factors are neutral in this analysis. Further, it conserves court resources to grant the Motion now, rather than dismissing the Motion until after the case is decided on appeal. For the foregoing reasons, the Court grants the Motion.

Accordingly,

**IT IS ORDERED** that Defendant's Motion (Doc. 113) is granted, and that the Plaintiff shall pay, and the Defendant shall be awarded, attorneys' fees in the amount of $1,215,832.80.

Dated this 18th day of July, 2018.

Honorable Steven P. Logan
United States District Judge